KeyCite Yellow Flag - Negative Treatment
Declined to Follow by Simms v. Pennsylvania State University-Altoona, W.D.Pa., March 20, 2018

2010 WL 1816632
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Julie COULTER, Plaintiff,
v.
EAST STROUDSBURG UNIVERSITY
and Robert J. Dillman, Defendants.

Civil Action No. 3:10–CV–0877.
|
May 5, 2010.

**Attorneys and Law Firms**

Scott M. Wilhelm, Winegar, Wilhelm, Glynn & Roemersma, P.C., Phillipsburg, NJ, for Plaintiff.

Jessica S. Davis, Office of Attorney General, Harrisburg, PA, for Defendants.

## MEMORANDUM

A. RICHARD CAPUTO, District Judge.

*1 Presently before the Court is Plaintiff Julie Coulter's Motion for Preliminary Injunction pursuant to Fed.R.Civ.P. 65(a). (Doc. 18.) For the reasons discussed below, Plaintiff's motion will be granted.

## BACKGROUND

In January 2010, Plaintiff began her spring semester as a freshman at East Stroudsburg University and paid ten thousand nine hundred and thirty-two dollars ($10,932.00) in tuition, room, board, and fees. (Am.Compl.¶ 7.) On March 18, 2010, East Stroudsburg University Police Officer Matthew Brill went to Plaintiff's dormitory room to investigate a report that Plaintiff possessed illegal controlled substances, where he seized twelve (12) blue pills that Plaintiff allegedly stated were ecstasy. (Coulter Aff., Ex. C.)

A disciplinary hearing was scheduled for April 21, 2010. (Am.Compl.¶ 15.) At the hearing, Plaintiff's counsel was allowed to attend and advise plaintiff, but not otherwise participate. (Schlottman Aff. at ¶ 4.) During the hearing East Stroudsburg University Police Chief, Robyn Olson, was the only witness that testified against Plaintiff; Olson's testimony was essentially limited to reading the arresting officer's report. (Doc. 18 at ¶ 14.) When asked if Plaintiff had any questions for the witness, Plaintiff declined to speak, upon counsel's advice that she exercise her right to remain silent; likewise, Plaintiff chose not to present any witnesses on her own behalf. (Coulter Aff. at ¶¶ 15–16.) Plaintiff chose to remain silent at the hearing because she had been advised that the matter was under investigation by the Monroe County District Attorney. (Coulter Aff. at ¶ 14.)

At the conclusion of the hearing, it was recommended that Plaintiff be immediately suspended from the university until the end of the spring 2011 semester, be placed on academic probation until the end of the spring 2012 semester, be subject to a drug and alcohol evaluation upon return to school, and be ineligible for campus housing upon return to school. (Am.Compl.¶ 17.) On April 23, 2010, the recommendations were adopted by the Vice President of Student Affairs. (Am.Compl.¶ 19.) Plaintiff filed the instant motion on May 5, 2010, seeking, *inter alia,* to enjoin Defendant Robert J. Dillman from expelling Plaintiff from East Stroudsburg University and prohibiting Plaintiff from attending scheduled courses and taking final examinations at East Stroudsburg University.[1]

[1] While there was a prior hearing in this matter, the Plaintiff has since amended her complaint adding a new defendant and there has been no hearing on the present motion for a preliminary injunction. Ordinarily a motion for a preliminary injunction would first have a hearing, but in certain circumstances the motion may be resolved solely "on the papers." *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 894 (1st Cir.1988). Given the exigency of the present matter, and given the sufficiency of the submitted paper evidence, I find that making this tentative finding without a hearing is appropriate in this circumstance.

## DISCUSSION

In order to be granted a preliminary injunction, the Plaintiff must show (1) a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the Court denies relief; (3) that even greater harm will not befall Defendant if the Court should grant relief; and (4) that granting preliminary relief will be in the public interest. *See Forum For Academic and Institutional Rights v. Rumsfield,* 390 F.3d 219, 228 (3d Cir.2004).

### 1. Success on the Merits

Plaintiff is likely to succeed on her claim against Dillman for violation of procedural due process, pursuant to 42 U.S.C. § 1983. The Fourteenth Amendment protects a person against government deprivation of life, liberty, or property without due process of law. "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 540, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (*quoting Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

**\*2** In *Ross v. Pennsylvania State University,* 445 F.Supp. 147, 152 (M.D.Pa.1978), this Court held that graduate students have "a reasonable expectation based on statements of policy by [the university] and the experience of former students that if [they] perform[ ] the required work in a satisfactory manner and pays [their] fees [they] will receive the degree [they] seek[ ]." However, in *Ross,* it was held that the student did not have a property interest in specific procedures because the official publications of the university did not contain hearings. *Id.* Thus, it is likely Plaintiff had a property interest in continuing her education with East Stroudsburg University because she had a reasonable expectation of being allowed to take her exams having performed the work required and paying her tuition.

Having determined Plaintiff likely has a valid property interest, the Court must determine what process was due. In the context of academic disciplinary hearings, the touchstone of due process is notice and opportunity to be heard. *Goss v. Lopez,* 419 U.S. 565, 578–79, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). The opportunity to be heard must be meaningful. *Jarbough v. Attorney General of the United States,* 483 F.3d 184, 190 (3d Cir.2007) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Although the amount of process due in disciplinary hearings for students is relatively low, the procedures in place must meet the minimum requirements of due process. *See Goss,* 419 U.S. at 582 (ten-day suspension requires no delay between notice and time of hearing); *see also Flaim v. Medical College of Ohio,* 418 F.3d 629 (6th Cir.2005) (universities need not allow active representation by legal counsel, cross-examination of witness, or give statement of reasons for adverse decision). Nonetheless, the hearing must give the accused the opportunity to respond, explain, and defend. *Flaim,* 418 F.3d at 635.

In determining whether the process given was sufficient, the court must weigh the private interest affected by official action, the risk of erroneous deprivation of that interest through the procedures used, and the probable value of additional safeguards weighed against the cost of instituting additional safeguards. *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Due process is a flexible and fluid concept that will call for procedural protections based heavily on the context of the situation at bar. *Id.* at 334.

The crux of Plaintiff's argument is that the University violated her due process rights when it did not allow her to have an attorney or some other representative actively participate in the hearing process, despite the fact that Plaintiff believed that she might be facing criminal prosecution stemming from this incident. Plaintiff was confronted with the choice of either making a statement or cross-examining the witness at the risk of having those statements used against her in future criminal proceedings, or remaining silent and having her academic future decided on the basis of adverse evidence only, namely the police report. Plaintiff claims that denying her some sort of representation such that she would not be required to speak at the hearing herself robbed her of a meaningful opportunity to be heard and defend herself.

**\*3** In *Garsham v. Pennsylvania State University,* 395 F.Supp. 912 (M.D.Pa.1975), the court held that there is no due process right to counsel in academic disciplinary hearings. In that case, the plaintiff was going to be dismissed from medical school for academic dishonesty, and sought to enjoin the university from requiring him to attend the disciplinary hearing without counsel. *Id.* at 919–20.

This case is distinguishable from *Garsham;* the fact that Plaintiff faced the possible criminal sanctions likely tips the *Mathews* balancing test in favor of Plaintiff. The private interest affected in this situation is a very serious one; Plaintiff will not be allowed to finish her semester, thereby setting her academic progress back by half a year, and she will have lost the money she spent in tuition. The risk of erroneous deprivation through the procedures used is extremely high in this instance. By denying Plaintiff any type of active representation in this situation, the University was essentially forcing Plaintiff to choose between exposing herself to criminal liability and the serious consequences associated therewith or protecting herself from possible academic sanctions. In most circumstances, students put in that situation will be driven to make the same decision. This means that the students will not be able to defend themselves properly, present evidence, or cross-examine the witness, leading to a one-sided hearing that might very likely result in an erroneous suspension or expulsion. Finally, the value of additional safeguards is extremely high. If Plaintiff could have had counsel or some other representative, Chief Olson could have been cross-examined to disclose his lack of personal knowledge of the situation. The cost to defendants is very low, considering that they already allow counsel to be present during the hearing and guide students during the course of hearing. Allowing counsel or a representative to ask questions in the circumstances presented by this case would not likely hamper the University in any significant manner.

I hold that where a student is simultaneous facing criminal sanctions and academic discipline, it is probable that the student must be allowed to have counsel or some other representative actively participate during the hearing to ensure that due process is satisfied.[2]

[2] As this Court has held that there is a probability of success on the merits of the § 1983 claim against Dillman, this prong of the preliminary injunction test is satisfied. As such, the Court need not reach the likelihood of success on the § 1983 claim or breach of contract claim against Defendant East Stroudsburg University.

**2. Irreparable Injury**
Likewise, Plaintiff is likely to suffer irreparable injury if she is not allowed to sit for her final exams. Plaintiff has attended almost an entire semester of classes and was in good academic standing. If she is not allowed to take the exams, she will have lost all the time and effort expended in her courses during the Spring 2010 semester, which she can never get back. This will delay her completion of her degree and her eventual graduation. Because this is time and progress that she will not ever be able to retrieve, Plaintiff faces irreparable injury if the preliminary injunction is not granted.

**3. Greater Harm to Defendant**
*4 The injury to the Defendants is very slight when weighed against that of Plaintiff. While allowing Plaintiff to sit for her examinations might undermine the University's disciplinary goals to an extent, this risk is slight compared to the money, time, and effort that will be lost by Plaintiff if she is not allowed to take her final examinations.

**4. Public Interest**
Granting a preliminary injunction in this case will serve the public interest. Although there are strong considerations in favor of allowing state universities to discipline students for possible offenses involving drug possession on campus, this discipline cannot be meted out without giving the student an opportunity to meaningfully defend herself against the charges being brought against her, as noted above.

*CONCLUSION*

For the reasons stated above, the Court will grant Plaintiff's Motion for a Preliminary Injunction. An appropriate Order follows.

*ORDER*

**NOW,** this *5th* day of May, 2010, at 5:45 P.M., **IT IS HEREBY ORDERED** that Plaintiff's Motion for a Preliminary Injunction is **GRANTED.** Defendant Robert J. Dillman, his agents and employees, are **ENJOINED** and **RESTRAINED** from expelling Plaintiff from East Stroudsburg University and prohibiting Plaintiff from attending scheduled courses and taking final examinations for the Spring 2010 semester at East Stroudsburg University. This being a non-commercial case involving

a relatively small amount of money, and the balance of hardships favoring Plaintiff, the requirement, pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, that a security bond be posted is hereby **WAIVED.** *Temple University v. White,* 941 F.2d 201, 220 (3d Cir.1991). **IT IS FURTHER ORDERED** that counsel for the Plaintiff shall cause this Order to be served upon Defendant Robert J. Dillman by delivering same to the Office of the President of East Stroudsburg University in person by **May 6, 2010, at 5:00 P.M.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 1816632

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.